O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

AURELIANO RETANA,                    )    Case No. CV 10-6044-MLG
                                     )
                Plaintiff,           )    MEMORANDUM OPINION AND ORDER
                                     )
        v.                           )
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of the Social           )
Security Administration,             )
                                     )
                                     )
                Defendant.           )
_____       )

     Plaintiff Aureliano Retana seeks judicial review of the
Commissioner's final decision denying his application for Social
Security Disability Insurance ("SSDI") benefits. For the reasons set
forth below, the final decision of the Commissioner is affirmed.

**I.  Background**

     Plaintiff filed his application for SSDI benefits on November 29,
2007, alleging disability as of August 24, 2007 due to discogenic and
degenerative disorders of the back, a stomach injury, and nerve damage
to the left leg. (Administrative Record ("AR") 9, 53, 92.) Plaintiff was
born on January 7, 1975 and was 34 years old at the time of the

administrative hearing. (AR 53, 103.) He completed high school and has worked as a truck driver and security guard. (AR 14, 108, 113.) Plaintiff's application was denied initially on April 3, 2008. (AR 57-61.) An administrative hearing was held on October 15, 2009 before Administrative Law Judge ("ALJ") Robert S. Eisman. Plaintiff, represented by counsel, testified, as did a vocational expert ("VE"). (AR 19-52.)

On November 6, 2009, ALJ Eisman denied Plaintiff's application for benefits. (AR 9-16.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 11.) The ALJ further found that Plaintiff had the following severe impairments: lumbar spine degenerative disc disease, lower left extremity quadracep numbness with possible neuralgia paresthesia, diabetes mellitus II, status post inguinal hernia repair in 2007 and abdominal hernia repair in 2008, and obesity. (Id.) However, the ALJ determined that Plaintiff's impairments did not meet and were not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (AR 14.)

The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to "perform light work as defined in 20 C.F.R. 404.1567(b), in that he can exert up to 20 pounds of force occasionally and/or up to 10 pounds of force frequently and/or a negligible amount of force constantly to move objects .... The claimant can perform work that does not require climbing ladders, ropes or scaffolds, and no more than occasional climbing of ramps or stairs. He can also perform work that requires no more than occasional balancing, stooping, kneeling, crouching, or crawling. The claimant can occasionally operate foot controls with the left lower extremity. He can

perform work that does not involve concentrated exposure to extreme vibration, hazardous machinery, unprotected heights, or other high risk, hazardous or unsafe conditions." (AR 12.) The ALJ found that Plaintiff was able to perform his past relevant work as a security guard. (AR 14.) The ALJ also found, based upon the testimony of the VE, that Plaintiff was capable of performing various jobs that exist in significant numbers in the national economy. (AR 15.) Therefore, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. 20 C.F.R. § 416.920(f). (Id.)

On July 22, 2010, the Appeals Council denied review (AR at 1-3), and Plaintiff timely commenced this action for judicial review. On February 17, 2011, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues, in which Plaintiff claims that the ALJ failed to make proper credibility findings and to consider Plaintiff's subjective symptoms. (Joint Stip. 2.) Plaintiff asks the Court to reverse and order an award of benefits, or in the alternative, remand for further proceedings. (Joint Stip. 13-14.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. 14-15.)

## II.  Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark*

*v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. The ALJ Properly Assessed Plaintiff's Credibility**

Plaintiff contends that the ALJ erred by failing to provide clear and convincing reasons for discrediting his testimony regarding his subjective symptoms. (Joint Stip. 3.) The ALJ found that Plaintiff was not fully credible for the following reasons: (1) the objective medical evidence did not support impairments likely to produce disabling pain or limitation and (2) Plaintiff's self-reported ability to perform certain activities of daily living was at odds with the alleged severity of his impairment. (AR 13-14.)

When deciding whether to accept the testimony of a claimant, the ALJ must perform a two-step analysis. At the first step, the claimant must produce objective medical evidence of one or more impairments, and show that the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Smolen v. Chater*, 80 F.3d 1273, 1281-1282 (9th Cir. 1996) (citing *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986)). The claimant is not required to produce objective medical evidence of the symptom itself or the severity of the symptom.

*Smolen*, 80 F.3d at 1282 (citing *Bunnell*, 947 F.2d at 347-348). At the second step of the analysis, the ALJ must assess the credibility of the claimant's testimony regarding the severity of his symptoms. If there is no affirmative evidence of malingering, the ALJ may reject the claimant's testimony only if the ALJ makes specific findings giving clear and convincing reasons for the rejection, including which testimony is not credible and what facts in the record lead to that conclusion. *Id*. at 1284 (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)).

The ALJ gave specific reasons for finding that Plaintiff's subjective testimony was not entirely credible, each of which is fully supported by the record. First, the ALJ noted that the objective medical evidence did not support Plaintiff's allegations of disabling symptoms. (AR 13.) Plaintiff alleged disabling pain in his left thigh and back. As the ALJ noted, although an MRI of Plaintiff's lumbar spine taken in October 2007 showed some degenerative disc dessication, a subsequent EMG and Nerve Conduction Study performed on November 19, 2007 was normal. (AR 13, 212.) In addition, an x-ray of the lumbar spine and a lumbar MRI performed on April 14, 2009 showed no disc bulges, spinal canal stenosis or neural foraminimal narrowing, while an x-ray of the left knee was normal with no evidence of fracture or dislocation. (AR 13-14, 370-371, 376.) Thus, it was proper for the ALJ to note that the alleged symptoms were disproportionate to the clinical and diagnostic findings. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (citing 20 C.F.R. §

404.1529(c)(2)).

In finding that the medical evidence did not support Plaintiff's claims of disabling pain, the ALJ properly relied upon the opinion of the consultative examining physician, Rocely Tomayo, M.D., who found that Plaintiff had a normal gait, full range of motion in the lumbar spine, neck and upper and lower extremities without pain, negative straight-leg raising, and no deformities, tenderness or spasm in the spine. (AR 13, 275-279.) Dr. Tomayo also noted that Plaintiff's neurological findings and motor strength were normal and he had no muscle atrophy. (AR 278-279.) Dr. Tomayo opined that Plaintiff could lift or carry 50 pounds occasionally and 25 pounds frequently, as well as stand or walk for six hours in an eight-hour work day. (AR 16, 279.) The ALJ also properly relied upon the opinion of the state agency physician who, based on a review of the medical evidence, agreed with Dr. Tomayo that Plaintiff could perform a full range of medium work. (AR 13, 282-286.) The ALJ properly determined that Plaintiff was not fully credible because his testimony was inconsistent with the evidence in the record. *See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (claimant properly discredited where his hearing testimony was "inconsistent with his own statements or actions, as well as with the medical evidence").

The ALJ also appropriately determined that Plaintiff's ability to perform certain activities of daily living were at odds with his claim of debilitating pain. The ALJ observed that Plaintiff could walk one mile three times a week, perform stretching exercises, play with his son, care for his two pit bull dogs, perform light housecleaning, do laundry, and drive a few miles. (AR 14, 32-34.) Plaintiff also reported to Dr. Tomayo, the examining consultative physician, that he was able to clean his

6

apartment, cook, shop and drive his children to and from school. (AR 14, 276.) While it is true that "one does not need to be 'utterly incapacitated' in order to be disabled," *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001), the extent of Plaintiff's activity, along with the other evidence, supports the ALJ's finding that Plaintiff's reports of his impairment were not fully credible. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990) (finding that the claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries ... may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing *Fair*, 885 F.2d at 604).

Here, the ALJ made specific findings articulating clear and convincing reasons for his rejection of Plaintiff's subjective testimony. *Smolen*, 80 F.3d at 1284. It is the responsibility of the ALJ to determine credibility and resolve conflicts or ambiguities in the evidence. *Magallanes v. Brown*, 881 F.2d 747, 750 (9th Cir. 1989). A reviewing court may not second-guess the ALJ's credibility determination when it is supported by substantial evidence in the record, as here. *See Fair*, 885 F.2d at 604. Where there is a lack of objective medical evidence, combined with other evidence in the record, such as an ability to perform routine daily activities, as is the case here, an ALJ's adverse credibility finding is supported by substantial evidence. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008); *Rollins*, 261 F.3d at 857.

//

//

//

7

**IV.   Conclusion**

For the reasons stated above, the decision of the Social Security Commissioner is hereby **AFFIRMED**.

DATED: February 24, 2011

_____
Marc L. Goldman
United States Magistrate Judge